**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | | |
|---|---|---|
| Frazier Hawkins, ) | | |
| a/k/a Kenneth Hawkins, ) | | |
| a/k/a Hawk, ) | | |
| ) | | |
| Petitioner, ) | Civil Action No.: 4:01-2432-12 | |
| ) | | |
| vs. ) | | |
| ) | | |
| United States of America, ) | **ORDER** | |
| ) | | |
| Respondent. ) | | |
| ) | | |

On May 29, 2001, Frazier Hawkins ("petitioner") commenced this pro se action pursuant to 28 U.S.C. § 2255. On June 22, 2001, the government moved for summary judgment. On November 5, 2003, the Court granted the government's motion for summary judgment. On January 10, 2006, the petitioner moved to preserve his Booker claim. *See* United States v. Booker, 543 U.S. 220 (2005). This matter is ready for disposition.

The petitioner claims that the Supreme Court recognized a new right in Booker and that the right became retroactively applicable. The ultimate question here is whether the petitioner's motion should be treated as a successive collateral review application. "Review of successive applications is available only in limited circumstances." United States v. Winestock, 340 F.3d 200, 203 (4th Cir. 2003). District Courts must not allow prisoners to circumvent rules regarding successive applications by attaching different labels to their pleadings. Calderon v. Thompson, 523 U.S. 538, 553 (1998). As amended, the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. §2255 bars successive applications unless they contain claims relying on:

> (1) newly discovered evidence, that if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C.A. § 2255 ¶ 8.

The petitioner contends that Booker is a change in intervening law made retroactively applicable and therefore entitles him to relief from the Court's judgment. This argument is without merit. The Supreme Court clearly stated that its holding in Booker must be applied "to all cases on direct review." United States v. Booker, 543 U.S. at 225. Subsequent to the Supreme Court's Booker decision, the Fourth Circuit Court of Appeals held that Booker "is not available for post-conviction relief for federal prisoners, . . . whose convictions became final before Booker . . . was decided." United States v. Morris, 429 F.3d 65, 72 (4th cir. 2005). On June 29, 1993, the petitioner was sentenced to 292 months in prison followed by five years supervised release. On September 9, 1994, the Fourth Circuit Court of Appeals affirmed his conviction and sentence. Therefore, the petitioner's sentence became final before Booker was issued.

The Supreme Court has not made Booker retroactive to cases on collateral review. In addition, collateral review of the petitioner's sentence terminated in 2003. Therefore, this claim is in substance a successive habeas petition and should be treated accordingly. *See* Gonzalez v. Crosby, 125 S.Ct. 2641, 2647 (2005). "In the absence of pre-filing authorization, [this Court] lacks jurisdiction to consider" a successive collateral review application. United States v. Winestock, 340 F.3d at 205.

The petitioner's motion is dismissed for lack of jurisdiction.

**AND IT IS SO ORDERED**.

_____
**C. WESTON HOUCK**
**UNITED STATES DISTRICT JUDGE**

May 24, 2006
Charleston, South Carolina